19-4031-cv
Miceli v. Mehr, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November, two thousand twenty.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.
                      *Circuit Judges*.

———————————————————————————

ITALO ANTHONY MICELI,

                      *Plaintiff-Appellant*,

             v.                                          19-4031-cv

JOHN MEHR, TOWN MANAGER, GUY SCAIFE, TOWN MANAGER, MICHAEL D. CUSTER, CHIEF OF POLICE, TOWN OF ROCKY HILL,

                      *Defendants-Appellees*.*

———————————————————————————

Appearing for Appellant:     David Vincent DeRosa, Naugatuck, CT.

Appearing for Appellees:     Michael J. Rose, Rose Kallor, LLP (Andrew B. F. Carnabuci, *on the brief*), Hartford, CT.

———————————————

* The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the District of Connecticut (Bolden, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Italo Anthony Miceli appeals from the November 18, 2019 judgment of the United States District Court for the District of Connecticut (Bolden, *J.*) granting summary judgment to defendants John Mehr, Guy Scaife, Michael D. Custer, and the Town of Rocky Hill on Miceli's Americans with Disabilities Act ("ADA") discrimination claim, 42 U.S.C. § 12101 *et seq.*, ADA retaliation claim, 42 U.S.C. § 12203, and First Amendment retaliation claim, and declining to exercise supplemental jurisdiction over Miceli's remaining state law claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Miceli was hired as a police officer by the Town of Rocky Hill in 2004. On June 19, 2015, Miceli sent a letter to the Office of the Chief State's Attorney (the "OCSA Letter") describing his tumultuous relationship with his neighbor, Robert Lombardo. Miceli alleged that the town's planning and zoning department and tax assessors inspected his house every week searching for violations. Miceli also accused Guy Scaife, the Town Manager, of abusing his power by harassing Miceli. In December 2015, Miceli filed a charge with the Connecticut Commission on Human Rights and Opportunities ("CHRO") alleging that he was subject to a hostile work environment and that the town perceived him to have a mental disability, namely, post-traumatic stress disorder related to his service in the Air Force. He attached a copy of the OCSA Letter to the complaint. The defendants received notice of Miceli's December 2015 complaint on February 2, 2016. On April 1, 2016, the town hired an attorney, Eric Daigle, to investigate Miceli. Miceli filed a second charge with the CHRO in May 2016, alleging retaliation for filing the initial CHRO charge. On June 20, 2016, Miceli engaged in a fight with Lombardo's nephew. On November 21, 2016, Custer recommended ending Miceli's employment in a letter to Mehr. The town fired Miceli effective November 29, 2016. An arbitral panel of the Connecticut State Board of Mediation and Arbitration denied the union's grievance of the discipline.

"We review *de novo* the award of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences and resolving all ambiguities in its favor." *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 71 (2d Cir. 2019). On appeal, Miceli challenges only the district court's grant of summary judgment on his ADA retaliation and First Amendment retaliation claims. To establish a retaliation claim under the ADA, a plaintiff must show engagement in a protected activity, the employer's knowledge of plaintiff's engagement in the protected activity, an adverse decision or course of action taken, and a causal connection between the protected activity and the adverse action. *See Natofsky v. City of New York*, 921 F.3d 337, 353 (2d Cir. 2019). "A causal connection in retaliation claims can be shown either (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Id.* (citation and internal quotation marks omitted). The burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) governs ADA retaliation claims. *See Treglia v. Town of Manlius*,

313 F.3d 713, 719 (2d Cir. 2002). If a plaintiff makes a prima facie case, "the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for the challenged employment decision." *Id.* at 721. "If a defendant meets this burden, the plaintiff must point to evidence that would be sufficient to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation." *Id.* (citation and internal quotation marks omitted).

Miceli challenges the district court's determination that he failed to satisfy the causation prong. Miceli focuses on three allegedly retaliatory actions, including (1) an internal investigation in August 2015, (2) the town's retention of attorney Daigle in April 2016 to investigate Miceli, and (3) Miceli's firing in November 2016. Miceli argues that the town received notice of Miceli's June 19, 2015 OCSA Letter prior to February 2016, and the police department began an internal investigation into Miceli in retaliation for Miceli filing the letter. However, Miceli failed to adduce any evidence indicating an alternate date by which defendants learned of the OCSA Letter. The district court did not err in finding no causation. As to the second and third allegedly retaliatory actions, Miceli relies on the temporal proximity between defendants' receiving notice of his filing of the CHRO complaint in February 2016 and hiring Daigle to investigate Miceli in April 2016 as evidence of causation. Even fully crediting Miceli's claims of temporal proximity, however, the record establishes that Miceli engaged in a fight with a civilian on June 20, 2016, and that fight suffices to provide an independent legitimate, non-retaliatory reason for firing Miceli. Miceli argues that two other officers, Lieutenant Catania and Sergeant Phelps, were similarly situated and were not subject to investigation or termination. But it is clear that their conduct was not of comparable seriousness because Lieutenant Catania and Sergeant Phelps engaged in a verbal argument as coworkers, while Miceli engaged in a physical fight with a civilian and was accused of lying in the OCSA letter about how he acquired the Humvee. *See Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000). Accordingly, Miceli has failed to adduce evidence that would allow a rational factfinder to conclude that the employer's explanation for the termination is pretextual for impermissible retaliation.

We also affirm the grant of summary judgment on Miceli's First Amendment retaliation claim. Plaintiffs alleging retaliation for their speech must first establish that their speech is protected under the First Amendment. *See Sousa v. Roque*, 578 F.3d 164, 169 (2d Cir. 2009). "To determine whether or not a plaintiff's speech is protected, a court must begin by asking whether the employee spoke as a citizen on a matter of public concern. If the court determines that the plaintiff either did not speak as a citizen or did not speak on a matter of public concern, the employee has no First Amendment cause of action based on his or her employer's reaction to the speech." *Id.* at 170 (citations and internal quotation marks omitted). A matter of public concern "relat[es] to any matter of political, social, or other concern to the community." *Id.* (citation and internal quotation marks omitted). "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Id.* (citation omitted). The district court determined that, in the OCSA Letter, Miceli spoke as a citizen as to issues related solely to him, namely, his personal grievances with Lombardo and Scaife. However important these grievances may have been, Miceli's OCSA Letter therefore did not address a matter of public concern. Miceli's speech is not protected under the First Amendment.

We have considered the remainder of Miceli's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk